UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL OGLE

    Plaintiff,

vs.                                                     CASE NO. 8:16-CV-894-T-EAK-TBM

KAUFFMAN TIRE, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO REMAND**

This cause is before the Court on the Plaintiff's motion to remand (Doc 8) and response thereto (Doc 21). The Plaintiff filed a civil action in state court alleging retaliation against the Plaintiff for engaging in protected activity under the Florida Private Whistleblower's Act (FPWA), Section 448.102 Fla. Stat. The Defendant removed the case to this court and the Plaintiff seeks to remand the case back to state court alleging that the Defendant has "failed to establish by a preponderance of the evidence that the amount in controversy in this case--at the time of removal--exceeds $75,000. In fact, Plaintiff's back pay damages were slightly more than $11,000 at the time of the removal."

**STANDARD OF REVIEW**

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For the court to have original jurisdiction over this claim, there must be complete diversity between the parties and an amount in controversy exceeding $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). Generally, the court

accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Gilbert v. State Farm Mut. Auto Ins. Co.,* 2015 WL 1477907 (M.D. Fla. 2015) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2013)). Where a plaintiff has not pled a specific amount of damages, the removing party bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount, by a preponderance of the evidence. *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

When the amount in controversy is not apparent on the fact of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. *Gilbert,* 2015 WL 14 77907 *2 (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753-54 (11th Cir. 2010)). Ultimately, specific factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," underlay the amount in controversy determination. *Pretka,* 608 F.3d 744 at 754. Deductions combined with factual allegations supported by evidence do not amount to speculations. *Id.* Further, courts may use judicial "experience and common sense in determining" the amount in controversy. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Total Fleet Solutions, Inc. v. National Crime Ins. Bureau,* 612 F. Supp. 2d. 1232, 1234 (M.D. Fla. 2009).

**DISCUSSION**

The Defendant attempts to persuade this Court that it should adopt a somewhat minor line of cases in this district that allows speculation as to what the back pay loss will be at a speculative future date, the future trial date generally.  The main line of cases, however, hold that the back pay damages at the time of removal prevail on the issue of determining if the amount in controversy exceeds the statutorily set amount of $75,000,00.  In order to persuade the Court in this case that the amount was reached, the Defendant picked a date in the future, speculating that the trial would held on this date or assumedly later.  They then figured out from that date what they thought the back pay damages would be at that time, which to no surprise to this Court amounted to more than $75,000.00 in back pay.  The Defendant then adds to that speculation that the Plaintiff would attain attorney fees and some major compensatory damages.  They, however, failed to include any "guess" as to the effect of any mitigation on the amount to be recovered.

If the Defendant had picked a shorter date for trial, which is as reasonable as a longer date for trial, the back pay may not have meet the statutory amount in controversy.  The Court finds the entire exercise of the Defendant to be too speculative to serve as a basis for determining the amount in controversy in this case. Ultimately, specific factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," underlay the amount in controversy determination. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753-54 (11th Cir. 2010).

The Court finds the line of cases cited in the Plaintiff's motion to be much more persuasive this case.  The amount of back pay damages is to be determined at the time of the removal not some made up date in the future that gets the Defendant where it wants to be, without the basis being established as reasonable.  The Court finds that the Defendant failed to establish by a preponderance of the evidence that the amount in controversy more than likely

exceeds the jurisdictional requirement. The Court finds the speculations as to attorney's fees and compensatory damages to also be too nebulous to support the Defendant's contentions. The Court cites with approval *Davis v Tampa Ship, LLC*, 2014 U.S. Dist. LEXIS 73937 (M.D. Fla. May 30, 2014) and *Ambridge v Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014).  The Court cites the Plaintiff's motion, as supported by the case recitation, as persuasive.  Accordingly, it is

**ORDERED** that the motion to remand (Doc. 8) be **granted**.  The Clerk of Court is directed to close this case and to remand it to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 20th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record